Jack K. JUNG, Appellant,

v.

CITY OF SAN ANTONIO FIREMEN AND POLICEMEN'S PENSION FUND, Appellee.

No. 5628.

Court of Civil Appeals of Texas, Waco.

Aug. 26, 1976.

Rehearing Denied Sept. 16, 1976.

Harry A. Nass, Jr., San Antonio, for appellant.

Harvey L. Hardy, San Antonio, for appellee.

HALL, Justice.

The appellant retired from the fire department of the City of San Antonio on a disability pension on March 1, 1975, in his 26th year of service with the department. The Board of Trustees which administers the City of San Antonio Firemen And Policemen's Pension Fund set his base pension at $529.48 per month. The eligibility for and the amounts of pensions allowed under the fund are controlled by the provisions of Article 6243f, Vernon's Tex.Civ.St. The appellant brought this suit contending that under the terms of Section 26A(2) of the statute he is entitled to have his base pension increased by cost of living increases set by the Board for pensioners during the years prior to the year of his retirement which would raise his base to $600.22 per month. After a hearing without a jury, the trial court ruled against the appellant. We affirm this ruling.

At the time of the appellant's retirement Section 26A(2) of Article 6243f contained these provisions:

The Board shall annually, beginning in 1972, at or before its regular meeting in

the month of March, review the Cost of Living Indexes of the United States Bureau of Labor Statistics for the preceding calendar year. If such index should report an increase or decrease during such calendar year in the cost of living as much as three percent (3%) as compared with the Cost of Living Index at the close of the year 1971 (which is hereby declared to be the base index) the Board shall enter its order increasing or decreasing all pension payments *(present and prospective)* by three percent (3%), or more (depending on the amount of increase or decrease) but only by full percentage points closest to the exact amount of such increase or decrease. Such increase or decrease shall be effective retroactively as of the month of January next preceding such March (or earlier) Board meeting and shall continue in effect for at least one full year thereafter, and until there has been an additional increase or decrease of at least three percent (3%) compared to such base figure. Provided, however, that no pension shall ever be decreased below the amount at which it was originally granted . . . (Emphasis added.)

The construction of the words "present and prospective" emphasized by us in the statute poses the main problem on this appeal. Of no consequence here, these words were removed from the statute after the appellant retired.

Early in 1973, the Board set the pensioners' cost of living increase at 4% for the year 1972; in 1974 it set the cost of living increase for the year 1973 at 9%; and in 1975 it set this increase for 1974 at 12%.

Effective August 1, 1973, the Board decided the words "present and prospective" in the statute meant a pension was not only subject to the cost of living increase (or decrease) beginning with the year in which the pensioner retired, but it was also subject to increases (and decreases) set by the Board for the years prior to the year the pensioner retired. This is the construction the appellant now seeks. The Board followed this construction until November,

1974. At that time it decided it was in error and that under the statute a pension should be increased or decreased by the cost of living index beginning only with the year of the pensioner's retirement. It then caused this notice to be given to all potential pensioners: "Any man retiring after December 31, 1974, will no longer have any cost of living compounded included in his pension."

The appellant was eligible to retire in December, 1974, whether he was disabled or not, by reason of twenty-five years' service. However, according to his testimony, he failed to meet the Board's deadline for these reasons: (1) Because of federal income tax benefits, he chose disability retirement over longevity retirement; and (2) he was unable to provide the Board with necessary medical proof of disability by the end of the year.

The methods for computing the amount of base pension for longevity and disability retirements are set forth in Sections 8 and 10 of Article 6243f. There is no reference in these Sections to Section 26A(2) or to cost of living increases or decreases. Basically, the computations turn on the pensioner's term of service and salary at the time of retirement. In effect, the appellant contends that by the enactment of Section 26A(2) the Legislature impliedly intended to amend Sections 8 and 10 and *increase* or *decrease* base pension computations under those sections with cost of living increases and decreases set annually by the Board. Plainly, the Legislature did not intend this result. What it intended was to subject pensions already computed under Sections 8 and 10 to cost of living increases or decreases beginning with the year of retirement, without regard to what month in the year the pension began.

Finally, the appellant says he should prevail because the meaning he seeks for the statute was the one given it by the Board for fifteen months ending a short time before his retirement. We disagree. Where a statute is ambiguous or otherwise of doubtful meaning, courts seeking to construe it will sometimes accord great weight

to prior constructions placed on it by an agency which administers it. The statute before us is not ambiguous or doubtful.

The judgment is affirmed.